# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD ALLEN WALKER,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-01099-APG-VCF

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) and a motion for appointment of counsel (Dkt. #3). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court finds that petitioner would benefit from the appointment of counsel. Furthermore, appointment of the Federal Public Defender would create a conflict of interest because the Federal Public Defender already represents petitioner's co-defendant, David Riker, in a habeas corpus action before this court. *See Riker v. Baker*, 3:99-cv-00222-LRH-WGC. Petitioner asks that Lisa Rasmussen, who represented him on appeal to the Nevada Supreme Court from denial of his state habeas corpus petition, be appointed to represent him in this action. Petitioner has satisfied the court that he is financially unable to employ counsel. The court finds that <u>pro hac vice</u> appointment of Lisa Rasmussen to the CJA panel for the purposes of appointment to this case is in the interest of justice and judicial economy.

1       The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254
2 Cases in the United States District Courts. Petitioner will need to file an amended petition. The
3 petition contains citations to transcripts, appendices, and records on appeal that this court does not
4 possess. Petitioner will need to file those documents as exhibits, and petitioner will need to amend
5 the citations in the petition to refer to those exhibits. For ease of reference petitioner should
6 electronically file and label each exhibit as a separate attachment in the CM/ECF docketing system.
7 If the Federal Public Defender is willing to provide counsel with technical assistance in this matter,
8 then counsel might wish to consult with that office.

9       **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (dkt.
10 #3) is **GRANTED**. Lisa Rasmussen is admitted *pro hac vice* to the CJA panel and is appointed to
11 represent petitioner.

12       **IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney
13 General for the State of Nevada, as counsel for respondents.

14       **IT IS FURTHER ORDERED** that the clerk shall electronically serve the Attorney General
15 of the State of Nevada a copy of the petition (Dkt. #1) and a copy of this order.

16       **IT IS FURTHER ORDERED** that respondents' counsel shall enter a notice of appearance
17 within twenty (20) days of entry of this order, but no further response shall be required from
18 respondents until further order of the court.

19       **IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed with a
20 separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments
21 that are filed further shall be identified by the number (or letter) of the exhibit in the attachment.
22 The hard copy of any additional state court record exhibits shall be forwarded—for this case—to
23 the staff attorneys in Las Vegas.

24 ///
25 ///
26 ///
27 ///
28 ///

**IT IS FURTHER ORDERED** that petitioner shall have sixty (60) days from the date on which this order is entered to file an amended petition in accordance with the instructions given above. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.

Dated: March 26, 2014.

ANDREW P. GORDON
United States District Judge