UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ALLEN WALKER,<br><br>    Petitioner,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>    Respondents. | 2:13-cv-01099-APG-VCF<br><br>**ORDER**<br><br>(Dkt. #58) |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Richard Allen Walker, a Nevada prisoner. On November 12, 2014, respondents filed a motion to dismiss certain claims in Walker's petition because they are unexhausted, procedurally barred, and/or otherwise not properly before this court. ECF No. 58. Having considered the points and authorities submitted by both parties, the court decides as follows.

    I. BACKGROUND

In January 1995, Walker was convicted of murder with use of a deadly weapon and robbery with use of a deadly weapon. The state district court for Clark County, Nevada, sentenced him to two life sentences (consecutive) with respect to the former to be followed by two fifteen year sentences (consecutive) with respect to the latter. Walker appealed. In August 1997, the Nevada Supreme Court affirmed the judgment of conviction.

On September 10, 1999, Walker filed a petition for post-conviction relief in the state district court. For a variety of reasons not germane to the issues now before this court, that proceeding did not conclude in until June 2013, following the Nevada Supreme Court's denial of collateral relief.

On June 20, 2013, Walker filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that initiated this action. This court appointed counsel for Walker. On May 27, 2014, he filed an amended petition that is the subject of respondents' motion to dismiss.

II. DISCUSSION

1. Ground A

Respondents argue that Ground A of Walker's amended petition is unexhausted and fails to present a cognizable claim for federal habeas relief. In Ground A, Walker alleges that he is innocent of the crimes of which he was convicted and that the State failed to produce sufficient evidence at his trial to convict him.

Respondents contend that, to the extent Ground A presents a sufficiency of evidence claim, it is unexhausted because Walker did not present the ground to the state court as the same federal claim that he now presents in this proceeding (presumably a claim under *Jackson v. Virginia*, 443 U.S. 307 (1979)). Respondents note that, instead, Walker argued that the trial court's denial of a directed verdict violated the constitution and, in raising that argument, relied entirely on a Nevada statutory provision, Nev. Rev. Stat. § 175.381, and Nevada cases. *See* ECF 34, p. 22-27.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the state's highest court, and must give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). Also, the exhaustion requirement is met only if the petitioner alerts the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th

Cir. 1999) (citing *Duncan*, 513 U.S. at 365-66). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).

While Walker did not make it clear in his brief to the Nevada Supreme Court on direct appeal that he was raising a sufficiency of evidence claim premised on *Jackson v. Virginia*, he did cite to the relevant constitutional provisions. *See* ECF 34, p. 27. Moreover, the Nevada Supreme Court applied the federal law standard set forth in *Jackson v. Virginia* when it adjudicated the claim. ECF No. 74-3, p. 7 (quoting *Hutchins v. State*, 867 P.2d 1136, 1139 (1994) (citing *Jackson v. Virginia*, 443 U.S. at 319)). Accordingly, this court is satisfied that, viewed as a sufficiency of evidence claim, Ground A is exhausted. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) ("[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court.").[1]

Respondents argue that, to the extent Walker attempts to raise an actual innocence claim in Ground A, such a claim is not cognizable as a freestanding habeas claim. Demonstrating actual innocence is a "gateway" by which a petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally-barred. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). However, the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). And, even in a capital case (which this is not), a freestanding actual innocence claim might

---

[1] Respondents also complain that Walker seeks to introduce additional facts in support of Ground A that were not presented to the state court. They have not shown, however, that those facts "fundamentally alter" the claim considered by the state court so as to render it unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986). Nonetheless, this court's consideration of evidence not presented to the state court is significantly limited under current federal habeas law. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(e).

3

warrant federal habeas relief only upon an "extraordinarily high" and "truly persuasive" threshold showing. *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

Whether viewed as a freestanding claim or a means by which he might overcome the procedural default of his claims, Walker simply has not made the necessary showing. Under *Schlup*, "actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). The petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Id.*; *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). Moreover, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). As such, a petitioner cannot meet the gateway actual-innocence standard by merely alleging that there was insufficient evidence presented at trial to support a finding of guilt. *See House v. Bell*, 547 U.S. 518, 538 (2006).

In his sur-reply to the respondents' motion to dismiss, Walker provides a lengthy account of the evidence that, according to him, demonstrates that it is more likely than not that no reasonable juror would have found him guilty. ECF No. 90, p. 10-27. The victim in this case, Kevin Marble, was stabbed in the chest and neck in front of his Las Vegas apartment sometime after 10:00 pm on April 13, 1992. His body was discovered at 2:30 am on April 14.

Prior to the beginning of Walker's trial, his co-defendant, David Riker, was convicted and sentenced to death for Marble's murder. ECF No. 12, p. 55-57. At trial, the State advanced three theories upon which Walker could be found guilty of first degree murder: (1) deliberate and premeditated killing, (2) aiding and abetting, and (3) the felony-murder rule. ECF No. 30, p. 7-44.

Walker's claim of actual innocence is premised, in large part, on the assertion that Riker committed the actual killing. He relies upon statements Riker made that the trial court did not allow into evidence at his (Walker's) trial, which include a letter Riker sent to Walker in November of 1992, statements Riker made to mental health experts, and Riker's statement to the sentencing panel in his capital case. ECF No. 90, p. 13-17. He also points to statements Riker made to other inmates, the existence of which he discovered after his trial. *Id.*, p. 17-22. While these statements are consistent in the sense that Riker claims responsibility for stabbing Marble, they either do not mention Walker's level of participation or are wildly inconsistent on that point.

In addition to the foregoing, Walker argues that evidence presented at his and Riker's trial for a murder and theft that occurred in Blythe, California, just prior to the Marble murder, provides more proof of his innocence. In that proceeding, Riker was convicted of first degree murder, while Walker was convicted of grand theft, but acquitted of the murder charge. *See Riker v. Benedetti*, 2011 WL 978260, at *12 (C.D. Cal. Feb. 2, 2011); *People v. Riker*, 2007 WL 4357741 (Cal. Ct. App. Dec. 14, 2007). The evidence presented at the California trial that Walker now relies upon consists of the following: (1) testimony from an expert in martial arts who testified about how the type of training Walker had received stressed defense, as opposed to aggression, and incapacitation, as opposed to injury; (2) two character witnesses who testified about Walker's non-aggressive personality; and (3) a psychiatrist who testified about alcohol abuse.[2] *Id.*, p. 22-27.

Walker suggests that the different outcomes between the California trial and the Nevada trial can be attributed to the foregoing evidence. Of course, that is conjecture and, even if true, does not demonstrate Walker's actual innocence with respect to the Nevada murder. In sum, Walker presents no "new reliable evidence" showing that no reasonable juror would have found Walker guilty under

---

[2] According to Walker, the martial arts experts was *prepared* to testify that Marble's knife wounds were inflicted by a right-handed person, while Walker, though ambidextrous, is primarily left-handed. Walker also claims that the psychiatrist's testimony would have been relevant in the Nevada case because, at the approximate time of the murder, his BAC was between .29 and .41.

5

*any* of the State's first-degree murder theories. As explained by the Nevada Supreme Court, there was substantial evidence proving Walker's involvement in the Marble murder. ECF No. 81-3, p. 17. The "new" evidence Walker now relies upon does not conflict with that determination.

### 2. Ground B

Respondents argue that Ground B is unexhausted. In Ground B, Walker alleges that his right to due process was violated because the state trial court did not allow the admission of statements made by co-defendant, David Riker.

Respondents contend that the claim is unexhausted because it was presented to the state court as a state law evidentiary claim. This court agrees. In his direct appeal brief, Walker explained at length why the exclusion of the statements was inconsistent with Nevada's law on evidence, but did not specifically allege a constitutional violation. ECF No. 34, p. 33-41. He cited to a federal case (*United States v. Peak*, 856 F.2d 825, 834 (7th Cir. 1988)) in arguing that the trial court's error was not harmless, but that citation involved the court's review of alleged trial court error in a federal criminal case. *Id.*, p. 40-41. Thus, it did not serve to exhaust Ground B. *See Gagne v. Fair*, 835 P.2d 6, 7-8 (1st Cir. 1987) (holding that citation to federal case does not effect exhaustion if the case contains no analysis or consideration of constitutional law). Likewise, Walker's references to alleged constitutional violations in his petition seeking a rehearing on direct appeal (ECF No. 74-4) also fall short of exhausting Claim B. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989))).

Ground B is unexhausted.

### 3. Ground D

Respondents argue that Ground D is procedurally barred. In Ground D, Walker alleges that his constitutional rights were violated by the State's failure to timely disclose the existence of

6

photographs of footprints found at the crime scene with notations on the back that disclosed the exact location of the footprints.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims to the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar imposed by the state court was independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 729. Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Respondents contend that, by finding the claim defaulted pursuant to Nev. Rev. Stat. § 34.810, the Nevada Supreme Court applied an adequate and independent procedural rule that bars this court from considering Ground D. *See* ECF 54, p. 86. Walker suggests that the Nevada Supreme Court should have excused any default under the "cause and prejudice" exception contained within the statute itself – i.e., the final clause in § 34.810. He does not explain, however, how the Nevada Supreme Court erred in determining that Walker had failed to make a showing that the exception applied. *See id.*

Because Nev. Rev. Stat. § 34.810 is recognized as an adequate procedural bar and Walker makes no claim that it is not, Ground D is procedurally defaulted in this court unless Walker can demonstrate that the default should be excused. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.").

Walker has not demonstrated cause for the default and prejudice resulting from it. And, as discussed above, he has not shown that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. Thus, Ground D is procedurally defaulted for the purposes of federal review.

### 4. Ground J

Respondents argue that Ground J is unexhausted. In Ground J, Walker alleges that his constitutional rights were violated because the state trial court admitted "prior bad act" evidence related to the murder and theft in Bythe.

Respondents argue that the claim is unexhausted because, like Ground B, Walker presented the claim to the Nevada Supreme Court as a state law evidentiary issue with no reference to a violation of a specific constitutional right. Walker does not dispute respondents' argument with respect to his opening brief (ECF No. 34, p. 82-90), but points out that his reply brief alleges a violation of his rights under that Fifth and Fourteenth Amendments and cites to federal cases involving the application of constitutional law (ECF No. 74-2, p. 44-45).

The problem for Walker is that, under Nevada law, issues not presented in an opening brief are deemed waived. *See Browning v. State*, 91 P.3d 39, 54, n. 53 (Nev. 2004), citing Nev. R. App. Pro. 28(c). Therefore, the federal issue was not fairly presented to the state courts because Walker did not present it in a procedurally proper manner. *See Roettgen*, 33 F.3d at 38; *see also Baldwin v. Reese*, 541 U.S. 27, 31 (2004) (indicating that issue is not "'fairly present[ed]'" to state court if consideration of the issue "would force state appellate judges to alter their ordinary review practices").

Ground J is unexhausted.

### 5. Ground R

Respondents argue that Ground R is not cognizable in a federal habeas proceeding. In Ground R, Walker alleges that the cumulative effect of errors in his trial and appeal deprived him of

8

his constitutional rights. Respondents argument is without merit. *See Parle v. Runnels*, 505 F.3d 922 (9th Cir. 2007).

Ground R states a cognizable habeas claim.

6. Grounds G, Q(1), and S

Respondents argue that Ground G is a Fourth Amendment claim and, as such, is barred in a federal habeas proceeding. They also argue that Ground Q(1) is unexhausted and, in any case, rendered without merit by the Ninth Circuit's holding in *Moore v. Helling*, 763 F.3d 1011 (9th Cir. 2014). In addition, they contend that Ground S is procedurally barred.

Walker does not oppose the respondents on any of these issues (except for the exhaustion of Ground Q(1)), but instead defers to the court to resolve them appropriately. Having concluded that the respondents' arguments are meritorious, this court shall dismiss Grounds G, Q(1), and S.

IT THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 58) is GRANTED in part and DENIED in part**. Grounds D, G, Q(1), and S are DISMISSED. Ground A is DISMISSED only to the extent that it asserts a freestanding claim of actual innocence.

IT IS FURTHER ORDERED that, with respect to petitioner's unexhausted claims (Ground B and Ground J), petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

1  **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*.

Dated this 30th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE