1

2                              **UNITED STATES DISTRICT COURT**

3                                    **DISTRICT OF NEVADA**

4

5   RICHARD ALLEN WALKER,                    )
                                             )
6                    Petitioner,             )        2:13-cv-01099-APG-VCF
                                             )
7   vs.                                      )        **ORDER**
                                             )
8   DWIGHT NEVEN , *et al.*,                 )
                                             )
9                    Respondents.            )
    _____/

10

11          On September 30, 2015, this court entered an order granting in part and denying in part

12  respondents' motion to dismiss certain claims in the habeas petition herein.  ECF No. 95.  Having

13  found two of petitioner's claims unexhausted (Ground B and Ground J), the court gave petitioner

14  thirty days to either:

15                  (1) inform this court in a sworn declaration that he wishes to formally and
                    forever abandon the unexhausted grounds for relief in his federal habeas petition and
16                  proceed on the exhausted grounds; (2) inform this court in a sworn declaration that he
                    wishes to dismiss this petition without prejudice in order to return to state court to
17                  exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking
                    this court to hold his exhausted claims in abeyance while he returns to state court to
18                  exhaust his unexhausted claims.

19  *Id*. at 9.

20          In response to that order, petitioner has filed a motion for clarification asking the court

21  whether, by exercising the first option, he would be waiving appellate review of the court's

22  exhaustion determinations.  ECF No. 96.  Respondents have not filed a response to the motion.

23          The purpose of the waiving unexhausted claims is to allow this court to consider and rule on

24  Walker's remaining constitutional claims under *Rose v. Lundy*, 455 U.S. 509 (1982).  With

25  deference to the final authority of the court of appeals in determining its own jurisdiction, this court

26

will accept a notice of abandonment in which Walker reserves the right to appeal this court's exhaustion rulings.

Walker is advised, however, that procedural rulings are subject to the certificate of appealability requirements imposed by 28 U.S.C. § 2253.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a habeas petitioner seeking to appeal a district court's denial of habeas relief on procedural grounds must not only make a substantial showing of the denial of a constitutional right but also must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling).

**IT THEREFORE ORDERED** that petitioner's motion for clarification (ECF No. 96) is GRANTED as set forth above.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of this order within which to exercise one of the three options set forth in this court's order of September 30, 2015 (ECF No. 95).

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy* .

Dated: November 30, 2015.

_____
UNITED STATES DISTRICT JUDGE